IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD L. GIESE,

                                                                OPINION and ORDER

                 Petitioner,

                                                                13-cv-62-bbc

    v.

LIZZIE TEGELS,

                 Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Richard L. Giese filed a petition for a writ of habeas corpus on January 25, 2013, contending that his rights under the Fourth Amendment had been violated by the state's unlawful stops and arrests of him and the state courts' failure to suppress the evidence seized in connection with those arrests.  In an order dated April 9, 2013, I advised petitioner that federal courts cannot consider Fourth Amendment claims in habeas corpus petitions unless the petitioner can show that the state did not provide him a full and fair opportunity to litigate those claims.  I gave petitioner an opportunity to supplement his petition with additional information to show that his hearing was not full and fair.  Petitioner filed his supplement on June 26, 2013.

BACKGROUND

In a criminal complaint filed on February 2, 2009, petitioner was charged by the state

1

with one count of possession of drug paraphernalia, one count of possession with intent to deliver more than 40 grams of cocaine and one count of operating a motor vehicle with a detectable amount of a restricted controlled substance in his blood. The charges were based on two separate traffic stops in January 2009. Petitioner had been convicted previously so he was charged as a repeater.

Petitioner moved to suppress his statements and the items seized in the stops on the ground that the arresting officer did not have reasonable suspicion to stop him or to search his car. His motion was denied in the Circuit Court for Marinette County and again by the Wisconsin Court of Appeals and his petition for review was denied by the Wisconsin Supreme Court.

OPINION

Petitioner may have waited too long to file his § 2255 motion. Under 28 U.S.C. § 2244(d), a one-year limitation period applies to applications for writs of habeas corpus by persons "in custody pursuant to the judgment of a State court." The one-year period starts to run from the latest of four dates, only one of which applies to petitioner: (1) the date on which the judgment became final by the conclusion of direct review. (Petitioner has not suggested that state action prevented him from filing a timely petition in this court, § 2241(d)(1)(B); or that he filed his petition within on year of the date on which the constitutional right asserted was initially recognized by the Supreme Court, § 2241(d)(1)(C); or that he could not have discovered the factual predicate of the claims he is asserting less

than a year before he filed his petition. § 2241(d)(1)(D).)

Petitioner's petition for review had been denied by the state supreme court on October 24, 2011. Thereafter, he had 90 days before his conviction became final, taking into account the time permitted for filing a petition for a writ of certiorari with the United States Supreme Court. Anderson v. Litscher, 281 F.3d 672, 674-675 (7th Cir. 2002). His judgment of conviction became final on January 23, 2012. He did not file his § 2255 motion in this court until January 25, 2013. However, the petition is dated January 22, 2011. If that is the date on which petitioner deposited the motion in the prison mail system, he would be entitled to the benefit of the "mailbox rule," under which prisoners are deemed to have filed their motions at the moment they deliver them to prison authorities for forwarding to the district court. Houston v. Lack, 487 U.S. 266 (1988).

Moreover, in extraordinary circumstances, a court can find that the one-year limitations period may be subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010) ("The AEDPA statute of limitations defense is not jurisdictional. It does not set forth an inflexible rule requiring dismissal whenever its clock has run."); Socha v. Pollard, 621 F.3d 667 (7th Cir. 2010) (court may accept late filing of petition (§ 2254 in this instance) if filing can meet standards for equitable tolling set out in Holland). To avail himself of equitable tolling, a petitioner must show that he was been pursuing his rights diligently and that some extraordinary circumstance stood in his way. Id. at 2562.

It would be appropriate to give petitioner an opportunity to show when he deposited his § 2255 motion in the prison mail system or that he qualified for equitable tolling under

3

Holland, except that his petition would not succeed even if it had been filed on time. The documents he filed do not show that the state court hearing he was afforded did not give him a chance to present his claims. To the contrary, they show that he presented his claims in written motions filed with the state court, dkts. ##13-1 and 13-2, and argued them at length before the state court judge. Dkt. #13-3. One of petitioner's state court claims was that the state did not make an adequate showing of the police dog's ability to detect controlled substances during one of the stops of petitioner. Id. at 118-19. A reading of the portions of the transcript that petitioner submitted includes a reference by the trial court to a stack of incidents in which the dog had detected controlled substances accurately. Petitioner does not acknowledge this evidence or explain why it would have been an insufficient showing by the state. The transcript shows that the trial court carefully and thoroughly analyzed the facts before it and applied the proper constitutional law to those facts. That is all that is required. Cabrera v. Hinsley, 324 F.3d 527, 531 (7th Cir. 2003).

It is not within this court's authority to determine whether the state court made the correct decision on petitioner's suppression motion. As petitioner was warned in the April 9, 2013 order, the federal court's review of Fourth Amendment claims is limited to looking for possible abuses of the hearing process. "Absent a subversion of the hearing process, we will not examine whether the state court go the decision right." Id. Petitioner has not shown that the judge in his case was bribed, unaware that probable cause was required in Wisconsin or opposed to the idea of a hearing. Id. Defendant was given a full opportunity for appellate review of his claims. Neither the state court of appeals nor the state supreme

court believed that his suppression hearing was a sham.

ORDER

IT IS ORDERED that petitioner Richard L. Giese's motion for post conviction relief under 28 U.S.C. § 2254 is DENIED for his failure to show that he did not receive a full and fair opportunity to litigate his Fourth Amendment claims in state court.

Entered this 20th day of August, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge