IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD L. GIESE,

                                           ORDER

        Petitioner,

                                          13-cv-62-bbc

    v.

LIZZIE TEGELS,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        On August 20, 2013, I denied Richard Giese's petition for a writ of habeas corpus under 28 U.S.C. § 2254 for his failure to show that he did not receive a full and fair opportunity to litigate his Fourth Amendment claims in state court.  On October 23, 2013, I denied his motion to alter or amend the judgment.  Now, petitioner has filed a notice of appeal and a request to proceed in forma pauperis on appeal.  Dkts. ##20, 22. Petitioner has also filed a motion for a certificate of appealability.  Dkt. #21.

        Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  In denying petitioner's petition on August 20, I neglected to address the issuance of a certificate of appealability, but I will do so now.  To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable

1

jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated in the August 20 order, reasonable jurists would not debate whether petitioner is entitled to relief under 28 U.S.C. § 2254. Therefore, no certificate of appealability will issue. Petitioner is free to seek a certificate of appealability from the court of appeals.

Turning to petitioner's motion to proceed in forma pauperis on appeal, petitioner's appeal is not subject to the 1996 Prison Litigation Reform Act. Walker v. O'Brien, 216 F.3d 626, 628-629 (7th Cir. 2000) ("the PLRA does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254, or 2255"). Nevertheless, in determining whether a petitioner is eligible for indigent status on appeal under 28 U.S.C. § 1915, the court must find both that the petitioner does not have the means to pay the $455 fee for filing his appeal and that the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) and (3). I conclude that petitioner's appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3).

To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. Walker, 216 F.3d at 631-32. Petitioner is unable to meet this standard; I have already concluded that the state court gave him a full

Case: 3:13-cv-00062-bbc Document #: 26 Filed: 12/06/13 Page 3 of 4

and fair opportunity to litigate his Fourth Amendment claims and that no reasonable person would find otherwise. Accordingly, petitioner's request to proceed in forma pauperis on appeal will be denied.

Under Fed. R. App. P. 24, petitioner has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. His motion must be accompanied by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), including a statement of issues that petitioner intends to present on appeal. Also, petitioner's motion must be accompanied by a copy of this order. Petitioner should be aware that these documents should be filed in addition to the notice of appeal he has previously filed. If petitioner does not file a motion requesting review of this order, it is likely that the court of appeals will not address this court's denial of leave to proceed in forma pauperis on appeal. Instead, it will require petitioner to pay the entire $455 filing fee before it considers his appeal. If petitioner fails to pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal.

ORDER

IT IS ORDERED that

1. Petitioner Richard Giese's motion for a certificate of appealability, dkt. #21, is DENIED. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

2. Petitioner's motion for leave to proceed in forma pauperis on appeal, dkt. #22,

is DENIED. I certify that petitioner's appeal is not taken in good faith. The clerk of court is directed to insure that petitioner's obligation to pay the $455 fee for filing his appeal is reflected in the court's financial record.

Entered this 6th day of December, 2013.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge